**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**RICO F. HARRIS**                                                                **PLAINTIFF**

**v.**                                                      **Civil Action No.: 3:14-cv-00218-MPM-SAA**

**TUNICA COUNTY, MISSISSIPPI**
**and CALVIN K. ("K.C.") HAMP, SR.,**
**In his Individual Capacity**                                                      **DEFENDANTS**

<u>**ORDER**</u>

Presently before the Court are defendant Tunica County, Mississippi's ("Tunica County") *First Motion in Limine* [82] and *Second Motion in Limine* [84]. In response, plaintiff Rico Harris ("Harris") filed two motions to strike [83][86]. Harris also alternatively filed responses in opposition to the motions [87][88]. Having considered the parties' motions and arguments, along with relevant case law and evidence, the Court is now prepared to rule.

*Harris' Motions to Strike* [83][86]:

In its case management order, this Court specifically instructed the parties that "[t]he deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference." After being reset multiple times for various reasons, the final pretrial conference in this case was held on December 21, 2016. Thus, the deadline for motions *in limine* was December 7, 2016. However, Tunica County did not meet this deadline and actually filed both of its motions *in limine* on December 21, 2016—the day of the pretrial conference. Harris thus immediately filed his motions to strike, arguing that Tunica County's motions should be stricken as untimely filed. In response, Tunica County states:

The Defendants concede that their two Motions *in Limine* [dock #82 and #84] were not filed two (2) weeks before the rescheduled Pre Trial Conference. This was an oversight on the part of defense counsel. Nevertheless, the Plaintiff has responded to the Motions *in Limine* and the evidentiary issued raised by the Motions *in Limine* are now squarely before the Court. The Plaintiff has suffered no prejudice.

While Tunica County undoubtedly failed to comply with the deadline set forth in the case management order, the issues raised within the motions are now squarely before the Court and the Court does not perceive any prejudice that Harris will suffer by the Court considering the merits of the motions. Therefore, the Court will now address the substance of the motions—regardless of the fact that they were untimely filed. Accordingly, the Court will deny Harris' motions to strike.

*Legal Standard for Motions In Limine*:

This Court has previously held that "[t]he purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (additional citations omitted). When ruling upon motions *in limine*, the Court notes that "[e]vidence should not be excluded . . . unless it is clearly inadmissible *on all potential grounds*." *Id.* (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)) (emphasis added). Moreover, evidentiary rulings "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). The Court also notes that "[d]enial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Gonzalez v. City of Three*

*Rivers*, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) (quoting *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993); *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)).

*Tunica County's First Motion in Limine* [82]:

Having determined that it will address the merits of Tunica County's motions, the Court now turns to Tunica County's first motion *in limine*. In the motion, Tunica County "move[s] to exclude any person at trial, witness or attorney, from speculating about or suggesting in any way that Defendant, Calvin Hamp, has engaged or is engaged in a romantic affair with his subordinate, Bernadette Logan." Tunica County asserts that Harris has "no evidence beyond rumor and speculation . . . that [] an affair ever occurred." Moreover, Tunica County argues that permitting any witness to suggest that an affair took place would be unduly prejudicial and should be excluded pursuant to Federal Rules of Evidence 401, 402, 403, and 802.

In response, Harris states that while Tunica County is correct in its assertions that speculation and rumor are generally inadmissible forms of evidence, his Title VII claim is based on the theory that "he was treated less favorable because of his male gender than female officers." As to this claim, he asserts that "specific observations of the way Hamp treated females as opposed to males in the department is relevant . . . and not unduly prejudicial."

Taking both parties' arguments into consideration, the Court finds that the motion should be denied. This Court has previously held that "motions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection." *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008). Simply put, this standard is not satisfied here. In its motion, Tunica County essentially makes

the blanket assertion that this Court should not admit hearsay evidence. In this Court's view, while it agrees that hearsay evidence should not be admitted, the substance of this motion should be deferred until trial "so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *See Rivera*, 2008 WL 2966006, at *1. Accordingly, the Court finds that Tunica County's first motion *in limine* should be denied.

*Tunica County's Second Motion in Limine* [84]:

In its second motion in limine, Tunica County requests that the Court exclude the testimony and medical records of Dr. Timothy Callaghan—Harris' treating physician— pursuant to Federal Rules of Evidence 401, 402, 403, 702(a). In the motion, Tunica County asserts that although Harris states that Dr. Callaghan's opinions will be consistent with the medical records provided, "[t]he records . . . make no mention of the cause of the Plaintiff's weight loss, fatigue, and headaches. The records do not indicate that Dr. Callaghan is of the opinion that these conditions were caused by acts or omissions associated with the Defendants." Thus, Tunica County asserts that Dr. Callaghan's testimony should be excluded as there is no causal link between Harris' symptoms and Tunica County's conduct. Additionally, Tunica County argues that the medical records indicate that Harris suffers from a "reversal of cervical curve," which "is a condition that is either caused by trauma or some sort of degenerative problem." Tunica County states that a reversal of the cervical curve "causes headaches and other problems such as the ones claimed by the Plaintiff. As such, the records provide no support of the Plaintiff's claim that his headaches and other conditions were caused by the acts of the Defendants."

In opposition, Harris argues that the timeline of events in the case provides sufficient circumstantial evidence for the causation issue. Harris emphasizes that he was demoted, placed on administrative leave, subjected to an internal investigation, was terminated, and visited Dr.

Callaghan after visiting the emergency room, all within less than two weeks. Thus, he argues that "[a] reasonable jury could conclude that being terminated after nine (9) years of employment with Defendants, for engaging in protected First Amendment speech, is the cause of Harris' treatment at the emergency room and by Dr. Callaghan, within days of the termination because of weight loss, fatigue and headaches. It is for a jury to make that determination, as causation is an issue of fact."

The Court again finds that Tunica County's motion should be denied. "[T]he Fifth Circuit has held that a medical doctor testifying as to issue of causation may base his testimony upon a review of medical records, the doctor's experience, and a broad review of [] literature[.]" *Rhodes v. Bayer Healthcare Pharmaceuticals, Inc.*, 2013 WL 1289050, at *3 (W.D. La. Mar. 26, 2013) (citing *Carroll v. Morgan*, 17 F.3d 787, 789-90 (5th Cir. 1994)). Thus, Dr. Callaghan, upon review of the medical records and his personal experience in treating Harris, may testify at trial as to the causation issue, presuming that foundation and relevancy requirements have been satisfied. While the Court is certainly aware of Tunica County's position, it will be given the opportunity at trial to cross-examine Dr. Callaghan to expose its perceived errors in his analysis. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Taking these considerations into account, the Court finds that Tunica County's second motion *in limine* should be denied.

*Conclusion:*

Relying on the foregoing analysis, it is hereby, ORDERED that Tunica County's *First Motion in Limine* [82] and *Second Motion in Limine* [84], along with Harris' *Motions to Strike* [83][86], are DENIED.

SO ORDERED, this the 10th day of January, 2017.


**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**